# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| ANDREW KIDD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: |
| | ) |
| RICHMOND COUNTY | ) |
| CONSTRUCTORS, LLC, | ) |
| | ) |
|    Defendant. | ) |
| _____/ | |

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Now comes the Plaintiff, ANDREW KIDD (hereinafter "Plaintiff" or "KIDD"), by and through undersigned counsel, and files his Complaint against the Defendant, RICHMOND COUNTY CONSTRUCTORS, LLC (hereinafter "Defendant" or "RCC") and states as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") to redress Defendant's unlawful employment practices against Plaintiff because of his disability.

## PARTIES

2. Plaintiff, KIDD, is a citizen of the United States and is and was at all times material, a resident of the State of Georgia.

3. Defendant, RCC, is a Delaware corporation that operates as a construction contractor in Georgia. RCC lists its principal office location at 7828 River Road, Building 120, Waynesboro, GA, 30830-4812 with the Georgia Secretary of State Corporations Division.

4. RCC is subject to personal jurisdiction in the Southern District of Georgia because RCC has transacted business in this district and has committed violations of Plaintiff's rights under the ADA in this district.

5. RCC is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding Plaintiff's rights under the ADA.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about June 5, 2018, Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's EEOC charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practices occurred.

11. On July 24, 2020, Plaintiff requested his Right to Sue because over 180 days had passed since filing the Charge of Discrimination, and the EEOC had not made a determination.

12. On July 28, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue per Plaintiff's July 24, 2020 request, a copy of which is attached hereto as **Exhibit A**.

13. This Complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC Notice of Suit Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff was diagnosed with reoccurring pneumonia, which substantially interferes with Plaintiff's work and home-life.

15. Plaintiff notified Defendant about his disability.

16. On Thursday, March 15, 2018, Plaintiff informed Kevin Cormier (Superintendent) that he was feeling ill and would be late or likely absent the next day. Plaintiff also informed both Frank Curry (Co-General Foreman) and Roy Hagan that he would be absent the following day. Additionally, Plaintiff informed Tammy (RCC Labor Relations) that he notified Mr. Curry and Mr. Hagan as well.

17. Mr. Curry and Mr. Hagan verified with Mr. Cormier that Mr. Cormier was aware of Plaintiff's flare of his disability and anticipated absence. Mr. Cormier confirmed that Plaintiff had notified him of his disability flare and absence.

18. Plaintiff was not scheduled to work on March 17, 2018 or March 18, 2018.

19. On Monday, March 19, 2018, at 4:35am, Plaintiff texted Mr. Cormier informing Mr. Cormier that he (Plaintiff) would be absent due to his disability. Plaintiff also informed Mr. Curry about his disability related absence. Later that day, Plaintiff obtained a doctor's note ordering him to be out of work until March 21, 2018.

20. The following morning at 5:10am, Plaintiff texted Mr. Cormier informing Mr. Cormier that he (Plaintiff) would be absent due to his disability and informed Mr. Curry of his absence as well. Later that evening, Plaintiff informed Mr. Curry that he (Plaintiff) would not be in the next day because he had a doctor's appointment.

21. Mr. Curry informed Plaintiff that he would inform Mr. Cormier at the 7:00am safety meeting. Mr. Curry followed up with Plaintiff assuring Plaintiff that Mr. Cormier was aware of Plaintiff's disability related absences. At no point did Mr. Curry or Mr. Cormier make any mention of issues regarding Plaintiff's absences.

22. Plaintiff obtained a doctor's note on March 21, 2018 clearing him to return to work the following day.

23. However, on March 21, 2018, Tammy called Plaintiff and stated that Plaintiff was terminated under the pretext of job abandonment, alleging that no one had heard from Plaintiff since he left on March 15, 2018. Tammy instructed Plaintiff to turn in his company cell phone.

24. Plaintiff disputed the termination and informed Tammy that he had been in contact with Mr. Cormier and Mr. Curry as required. Tammy informed Plaintiff that Mr. Cormier was interviewed by RCC Labor Relations on March 20, 2018, and he stated that he had not heard from Plaintiff.

25. Plaintiff further disputed the termination to Mike Bailey (RCC President) on March 23, 2018 when Plaintiff returned his badge and phone. Plaintiff attempted to show Mr. Bailey phone records and documentation demonstrating that he had properly kept in contact with Mr. Cormier and kept RCC notified of his absences. However, Mr. Bailey refused to look at Plaintiff's evidence showing that he should not have been terminated. Instead, Mr. Bailey asserted that Plaintiff was

terminated for not calling in – which was different from the original justification claiming that no one had heard from Plaintiff.

26. Defendant's supporting justification for the termination is inconsistent as it changed from no one hearing from Plaintiff at all to claiming that he needed to call in after Plaintiff provided documentation showing that the first reason was indisputably false.

27. Defendant's second reason for termination also pretextual because its call out policy permits employees to report absences through the call-in line or to notify a Supervisor directly. Plaintiff properly notified his Supervisors directly in accordance with policy.

28. Defendant's second reason for termination is also an inconsistent application of policy because numerous non-disabled employees have reported absences on the day of by contacting their Foremen and/or Superintendent instead of calling in for multiple days in a row and have not been terminated or in any way disciplined.

29. The fact that Defendant changed its reason for terminating Plaintiff after he produced evidence proving the first reason was false, that the second reason is also false, and that other employees have not been disciplined or terminated for engaging in the same or worse conduct demonstrates that the reason is pretextual.

30. Defendant knew that Plaintiff was absent due to his disability on the days it used to terminate him.

31. Defendant willfully and knowingly terminated Plaintiff on the basis of his disability and disability related absences.

32. A few days' absence is a reasonable accommodation that would not have caused an undue hardship on Defendant. Instead of providing the reasonable accommodation, Defendant terminated Plaintiff without notice that there would be an issue with his absences and without discussing any alternative accommodations or in any way engaging in the interactive process.

33. Defendant failed to reasonably accommodated Plaintiff or engage in the interactive process by terminating Plaintiff on the basis of his disability related absences – which Plaintiff had properly notified Defendant about.

34. Defendant's conduct was willful, wanton, and malicious and has caused financial and emotional harm to Plaintiff.

35. Plaintiff is entitled to compensatory, non-compensatory, and punitive damages.

36. Plaintiff has retained the services of undersigned counsel and has agreed to pay counsel reasonable attorneys' fees.

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 36 above.

38. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

39. Plaintiff has a qualifying disability.

40. Defendant knew about Plaintiff's disability.

41. Defendant took adverse employment actions against Plaintiff, including terminating Plaintiff, on the basis of his disability.

42. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

43. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress.

44. Plaintiff is entitled to general and compensatory damages.

45. Defendant's conduct was willful, wanton, malicious and done in reckless disregard for the well-being of Plaintiff.  Plaintiff is entitled to punitive or exemplary damages.

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 36 above.

47. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADA.

48. Plaintiff has a qualifying disability.

49. Plaintiff requested the reasonable accommodations of a few days off to obtain medical treatment for his disability.

50. Defendant failed to provide the reasonable accommodations by terminating Plaintiff on the basis of not working the days that he requested off as a reasonable accommodation.

51. Defendant failed to engage in the interactive process by terminating Plaintiff without discussing any alternatives or otherwise evaluating his accommodations request.

52. Plaintiff's requested accommodations did not cause an undue hardship on Defendant.

53. As a direct, legal and proximate result of Defendant's willful and knowing failure to accommodate, Plaintiff has sustained and will continue to sustain, economic and emotional injuries.

54. Plaintiff is entitled to general and compensatory damages.

55. Defendant's conduct was willful, wanton, malicious, and done in reckless disregard for the well-being of Plaintiff. Plaintiff is entitled to punitive or exemplary damages.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment awarding Plaintiff damages in the amount to be proven at trial, liquidated damages, and prejudgment interest;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted,

*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Georgia Bar No.: 341618
gabrielle.klepper@spielberglawgroup.com
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Attorneys for Plaintiff*